UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT J. PITTS, JR.,

Plaintiff,

Civil Action No._____

v.

MICHAEL A. McLEAN,
Chief of Police, Lexington Police Department,

Defendant.

## COMPLAINT

**Preliminary Statement**

Plaintiff formerly held a License to Carry (LTC) in the Town of Lexington. After an alleged incident involving the discharge of a firearm in Plaintiff's closed business, his LTC was suspended by the Defendant. Thereafter, Plaintiff reapplied for an LTC and Defendant denied him. Plaintiff sought review of the denial in the district court. The district court denied the review, Plaintiff appealed to the Superior Court, and that court upheld the denial of review.

Plaintiff has a right to possess a firearm as guaranteed by the Constitution. This right has been upheld by recent Supreme Court decisions. There is no historical precedent that allows Defendant or the Commonwealth to prohibit Plaintiff from possessing a firearm for his own defense.

Moreover, in all the proceedings and discretionary decisions to deny Plaintiff the right to possess a firearm, the Defendant and the Commonwealth courts have denied Plaintiff his due process rights guaranteed by the Constitution.

1

## I. PARTIES

1. Robert J. Pitts, Jr. (hereinafter "Plaintiff") is a resident of the Commonwealth of Massachusetts who resides in Lexington, MA and has a business in Arlington, MA.

2. Michael A. McLean (hereinafter "Defendant") is, and was at all times mentioned herein, the Chief of Police for the Town of Lexington, MA. As such, Defendant is responsible pursuant to Massachusetts statutes for issuing a person a license to carry firearms.

## II. JURISDICTION

3. Jurisdiction of the Court is invoked pursuant to Title 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, the Constitution and Laws of the United States and the Declaration of Rights and Laws of the Commonwealth of Massachusetts, the Court's pendent and ancillary jurisdiction, and such other and further jurisdiction as the Court deems appropriate and applicable.

## III. FACTS

4. Plaintiff is 61-years-old and a resident of Lexington, MA and owns his own cabinet business in Arlington, MA.

5. In 2022 Plaintiff had a valid LTC (License to Carry) that had been issued by the Defendant Lexington Police Department.

6. In or about December, 2022, the Defendant and Arlington police departments both responded to a report of gun shots being fired inside Plaintiff's Arlington business. These reports originated from two separate callers to the police who reported the gunshots and claimed that they personally knew the Plaintiff.

7.  Arriving police believed that Plaintiff was under the influence of alcohol. These police allegedly found empty shell casings and reported that they believed Plaintiff was experiencing a mental health crisis.

8.  Plaintiff was taken for a mental health evaluation, but was released shortly thereafter after it was found that Plaintiff was not experiencing any mental health problem.

9.  Plaintiff's LTC was immediately suspended by the Defendant because Defendant was allegedly "unsuitable ... on 12/20/22 [because he] fired multiple shots within a building in Arlington, MA. This was done at a time when the building was open for business."

10. Arlington Police sought charges against Plaintiff based on the 12-20-22 incident noted above, but after a clerk magistrate's hearing no charges were filed.

11. In June, 2024, Plaintiff applied for a new LTC and Defendant denied the application finding that Plaintiff remained unsuitable based on the incident noted above.

12. Thereafter, Plaintiff sought judicial review of the Defendant's decision not to issue Plaintiff an LTC and filed a petition in Concord District Court. A hearing on said petition was held on December 20, 2024.

13. At the hearing mentioned in the previous paragraph, Plaintiff was represented by undersigned counsel and Defendant was *pro se*.

14. Plaintiff's counsel informed the court that the allegations in the Defendant's denial "don't hold water" and that Defendant's statement for the denial that Plaintiff had "discharged your firearm" and that the building was "open to the public" was "not correct." *See* Exhibit A, p. 3, (attached to and made a part of this pleading). Counsel told the court that Plaintiff would take the witness stand and explain what occurred on the date in question if the court allowed it. *Id.*

3

15. Defendant Police Chief, *ipso facto*, then testified at the hearing mentioned above as *pro se* counsel by making statements to the court. Defendant stated that Plaintiff wasn't a prohibited person to hold an LTC but as an unsuitable person. *Id.* 4-5. Defendant stated that it appeared that Plaintiff "would create a risk to public safety" based upon "the packet of the Arlington Police and the Lexington Police Department's reports, the events of December 20th, 2022, clearly articulate that this was something that was extremely unsafe." *Id.* 5. Defendant told the reviewing court that two witnesses who knew the Plaintiff had heard the gunshots within the business, and that these witnesses also said that Plaintiff was "struggling" mentally with "depression, problems with alcohol, financial and marital problems." The Defendant further said that officers who went to the scene found Plaintiff "intoxicated." *Id.* The Defendant further testified to the reviewing court that responding Arlington police found Plaintiff "in a mental health crisis and issued a Section 12 to go to the hospital" *Id.* 5-6. But *see*, paragraph 8 above (hospital found Plaintiff was not suffering from a mental health crisis). Based on the police reports that is why Plaintiff's LTC was suspended and why it wasn't renewed. *Id.* 6.

16. Counsel for Plaintiff informed the hearing judge that there actually wasn't any Section 12, but that Plaintiff had voluntarily went to the hospital in order to remove any doubt about his mental condition.

17. On or about January 7, the District Court denied the petition finding that Plaintiff's "past behavior supports the finding of unsuitability".

18. In 2025 Plaintiff appealed the above-mentioned denial to the Superior Court for Middlesex County. In an Order dated April 21, 2026 a Superior Court judge denied relief

and upheld the District Court's judicial review of the denial of the LTC by the Defendant. *See* attached Exhibit B.

19. The District Court judge's decision denying relief made a finding of facts, relied upon by the Superior Court, that Plaintiff had committed all the acts that were stated in the police reports that Defendant used to deny the issuance of an LTC. These "facts" come from the Defendant's review of reports and not live testimony from any witnesses at the District Court hearing.

20. At the hearing to review the Defendant's denial of an LTC, and all subsequent proceedings in this case, there has never been any sworn testimony nor any opportunity to cross-examine any alleged witnesses who claimed to have witnessed Plaintiff's behavior that resulted in his loss of an LTC or subsequent denial to issue a new one.

21. At the hearing in the District Court as noted above, the presiding judge did not grant counsel permission to put the Plaintiff on the witness stand.

22. In all the proceedings in the Commonwealth courts Plaintiff has made constitutional claims that his right to bear arms under the Second Amendment of the U.S. Constitution and the Massachusetts Declaration of Rights was being infringed by the Defendant's denial of an LTC.

### IV. CLAIMS

### COUNT I
### VIOLATION OF DUE PROCESS

23. Plaintiff realleges all the previous paragraphs as if set out here.

24. The above facts demonstrate that Plaintiff's right to due process of law under the U.S. Constitution and the Massachusetts Declaration of Rights have been violated.

5

25. When Plaintiff requested judicial review of the Defendant's actions in this case denying an LTC, the District Court held a hearing. At the hearing, the Defendant was allowed to state, without oath, double hearsay. No witnesses were called that had direct knowledge of the facts that resulted in the denial of an LTC and the decision was made by the Defendant based solely on untested reports. Moreover, Plaintiff wasn't allowed to testify by the presiding judge when asked for permission to do so by counsel.

26. When Plaintiff appealed the denial noted in the previous paragraph, the Superior Court judge relied on the double hearsay findings of the District Court without holding a hearing and requiring that other than double hearsay be used to support the denial of an LTC.

27. Because the denial of an LTC to Plaintiff was based on two witnesses who stated to police that they heard multiple gunshots at Plaintiff's business, that Plaintiff was having mental and personal problems that led to depression and a risk of harm to himself and others, that responding police said they found Plaintiff intoxicated and appeared mentally unstable requiring Section 12 action, these witnesses should have been brought forward by Defendant at the review hearing so that Plaintiff could have exercised his due process rights of confronting the witnesses against him and testing their allegations by way of cross-examination.

## COUNT II
## DENIAL OF THE RIGHT TO POSSESS A FIREARM

28. Plaintiff realleges all the previous paragraphs as if set out here.

29. The above facts demonstrate that Plaintiff has been denied his right to keep and bear arms as guaranteed by the U.S. Constitution and the Massachusetts Declaration of Rights.

30. Pursuant to Supreme Court precedent, law-abiding citizens have a right to keep and bear arms.

31. Pursuant to Supreme Court precedent, in order to determine if a government is allowed to restrict a citizen from keeping and bearing arms it must be determined if there is a historical precedent at the time of the passage of the Second Amendment for doing so.

32. There is no historical precedent for disarming a person who allegedly fires a weapon inside his own business under the facts of the instant case.

33. Since there weren't any qualified facts in this case to show that Plaintiff was a danger to anyone, or that he was a "prohibited person," then his LTC ought to have issued.

34. Irrespective of whether there were qualified facts used in this case to at first take away Plaintiff's LTC, there were no reason to later deny him a new LTC in that Plaintiff, who had no criminal convictions, was a law-abiding citizen, who was mentally stable and had never threatened anyone, had a constitutional right to keep and bear arms.

## V. RELIEF

WHEREFORE, Plaintiff seeks the following:

A. A declaration that Plaintiff's constitutional rights have been violated.

B. An order requiring Defendant, or Defendant's predecessor, to issue Plaintiff an LTC.

C. The costs of this action.

D. Reasonable attorney fees.

E. Such other and further relief that to the Court seems just, proper and equitable.

Respectfully submitted,

**THE PLAINTIFF,
ROBERT J. PITTS, JR.**
By his attorney,

DATED: July 18 2026

Richard C. Chambers, Jr.
BBO # 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com