#11/

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ss.

SUPERIOR COURT
CIVIL ACTION
No. 2581CV00254

### ROBERT J. PITTS, JR.

v.

### MICHAEL A. MCLEAN, Chief of Lexington Police Department & the Justices of the Concord Division of the District Court

### ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS
### Papers #8 & #9

Plaintiff filed an application for a license to carry firearms that was denied by the Lexington Chief of Police. Plaintiff appealed that decision to the Concord District Court where the denial was affirmed. Plaintiff now seeks certiorari review in the Superior Court.

### BACKGROUND

Plaintiff is a fifty nine year old resident of Lexington, Massachusetts who owns a cabinet business in Arlington, Massachusetts. Certified Record of the Concord District Court hearing ("R") 027. In 2022, Plaintiff had a valid license to carry firearms ("LTC") that had been issued by the Lexington Police Department. R029 On December 20, 2022, the Arlington and Lexington Police Departments responded to the report of multiple gunshots inside Plaintiff's business at 1531 Massachusetts Avenue, Arlington, Massachusetts. R057 One caller had entered the building and found Plaintiff sitting at a desk, with a firearm in his hand, and he believed he

was intending to commit suicide. R057-058 Both 911 callers knew Plaintiff personally and expressed concerns that he was struggling with depression.

When police arrived, they found Plaintiff to be under the influence of alcohol. R058 Eight discarded shell casings were located. R058 Believing that Plaintiff was experiencing a mental health crisis, he was transported to Mount Auburn Hospital. R030, 058

Plaintiff's LTC was immediately suspended on the basis that he was "unsuitable ... on 12/20/2022 [he] fired multiple shots within a building in Arlington, MA. This was done at a time when the building was open for business." R055, R050 Based on that incident, the Arlington Police Department sought charges against Plaintiff for discharging a firearm within 500 feet of an occupied building in violation of G.L. c. 269 §12E. A clerk magistrate's hearing was held and it appeared Plaintiff was given a period of pre-trial probation with an agreement that he was ineligible to possess a LTC. R012, 040-041

In June 2024, Plaintiff applied for a new LTC and Chief McLean denied the application on June 17, 2024 finding that Plaintiff remained unsuitable based on the "Arlington MA incident on 12/20/2022 discharging firearms numerous times in occupied building. LTC revoked and firearms confiscated as a result of incident." R030 R031

### DISCUSSION

"The licensing authority may deny [an] application ... if, in a reasonable exercise of discretion, the licensing authority determines that the applicant ... is unsuitable to be issued ... a license to carry." G. L. c. 140, § 131(d). "The 'suitable person' standard gives the licensing authority ... 'considerable latitude' or broad discretion in making a licensing decision." Chardin v. Police Comm'r of Boston, 465 Mass. 314, 316, (2013) quoting Ruggiero v. Police Comm'r of Boston, 18 Mass. App. Ct. 256, 259 (1984). The licensing authority must consider whether an

2

applicant is suitable or unsuitable based on "(i) reliable and credible information that the applicant or licensee has exhibited or engaged in behavior that suggests that, if issued a license, the applicant or licensee may create a risk to public safety; or (ii) existing factors that suggest that, if issued a license, the applicant or licensee may create a risk to public safety." G. L. c. 140, § 131(d).  On review of a denial of a LTC, see G. L. c. 140, § 131(f), a judge of the District Court, after an evidentiary hearing, may find facts and direct the licensing authority to issue a license if the judge finds that the licensing authority had "no reasonable ground" for denying the license. Id. See Chardin, supra at 317, citing Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 44–45 (1993). A conclusion that the licensing authority lacked any reasonable ground to deny the license "is warranted only upon a showing by the applicant that the licensing authority's 'refusal [to grant ... the license] was arbitrary, capricious, or an abuse of discretion.' " Godfrey, supra at 46, quoting Chief of Police of Shelburne v. Moyer, 16 Mass. App. Ct. 543, 546(1983).

On certiorari review a Superior Court judge may "correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff." Nichols v. Chief of Police of Natick, 94 Mass. App. Ct. 739, 744 (quoting Chardin at 321 n. 15.)

Here, the District Court found that Plaintiff fired a gun indoors eight times while under the influence of alcohol inside a building that abutted another business and was below a residence.  The District Court also found that two people who knew Plaintiff, reasonably believed him to be suffering from depression and/or was suicidal, and when police encountered Plaintiff, they believed he was experiencing a mental health crisis and had him transported to the hospital.  R 057, 058  These facts certainly warranted the police chief revoking Plaintiff's license

3

in 2022; there was reliable and credible information that Plaintiff exhibited and engaged in behavior that created a risk to public safety.

Moreover, there is no pre-requisite that a Plaintiff be criminally charged for conduct before a chief of police can take those behaviors into account. See DeLuca v. Chief of Police of Newton, 415 Mass. 155 (1993) One incident of recklessness with firearms can constitute reasonable grounds for a chief to find an applicant unsuitable. See Chief of Police of Taunton v. Caras, 95 Mass. App. Ct. 182 (2019). The unsuitability determination rests on whether Plaintiff "poses a palpable risk that he would not use a firearm responsibly if allowed to carry in public." Chief of Police of Worcester v. Holden, 470 Mass 845, 854 (2015). Based on the record before me, I find that the District Court's decision upholding the denial of the LTC was supported in the evidence and there was no error of law.

Plaintiff also brings forward a constitutional claim that the District Court's decision violates New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, (2022). This argument is unavailing. Following Bruen, it has been made clear that states may, consistent with the Second Amendment, "temporarily disarm[] " an "individual found by a court to pose a credible threat to the physical safety of another." United States v. Rahimi, 602 U.S. 680, 693 (2023); see also Commonwealth v Marquis, 495 Mass 434, 453 (2025)(quoting Rahimi). Accordingly, this argument fails as well.

4

## ORDER

The Plaintiff's motion for judgment on the pleadings is **DENIED** and the Defendant's cross-motion for judgment on the pleadings is **ALLOWED.**

SO ORDERED

_____
Lynn C. Rooney
Justice of the Superior Court

Dated:   April 15, 2026

5

#121

| JUDGMENT ON THE PLEADINGS | Trial Court of Massachusetts<br>The Superior Court |
|---|---|
| DOCKET NUMBER<br><br>2581CV00254 | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| CASE NAME<br><br>Pitts, Jr., Robert J<br>vs.<br>Michael A. McLean, Chief of Lexington Police Department et al | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

This action came before the Court, Hon. Lynn C Rooney, presiding, upon a motion for judgment on the pleadings,

After hearing or consideration thereof;

the Plaintiff's motion for judgment on the pleadings is DENIED and the Defendant's cross-motion for judgment on the pleadings is ALLOWED.

It is **ORDERED AND ADJUDGED**:

The Concord District Court's decision affirming the Lexington Chief of Police Department's denial of the plaintiff's application for a license to carry firearms is hereby AFFIRMED by the Superior Court.

| DATE JUDGMENT ENTERED<br>04/21/2026 | CLERK OF COURTS/ ASST. CLERK<br>X |
|---|---|

Date/Time Printed:  04-21-2026 10:34:28                                                                 SCV117: 07/2016