**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT J. PITTS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. MCLEAN, CHIEF OF POLICE, LEXINGTON POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:26-cv-13441-JCB |

**DEFENDANT MICHAEL A. MCLEAN'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Christina S. Marshall (BBO #688348)
Paul M. Kominers (BBO #654357)
Matthew R. Bowser (BBO #710769)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6500
cmarshall@andersonkreiger.com
pkominers@andersonkreiger.com
mbowser@andersonkreiger.com

Dated: September 17, 2026

## Table of Contents

BACKGROUND ........ 2

ARGUMENT ........ 6

I. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to entertain Pitts's attempt to make an end-run around a final state-court judgment. ........ 6

II. Pitts's complaint also fails on the merits. ........ 7

a. Claim preclusion bars Pitts from bringing a second lawsuit after losing his first. ........ 8

b. Count I ("Violation of Due Process") is barred by witness immunity. ........ 10

c. Count II ("Denial of the Right to Possess a Firearm") is foreclosed by issue preclusion. ........ 11

d. Pitts cannot state a claim without identifying his causes of action. ........ 14

e. Pitts is not entitled to a declaratory judgment. ........ 15

III. Pitts's complaint must be dismissed for failure to join the state courts. ........ 15

CONCLUSION ........ 18

## Table of Authorities

### Cases

*Alba v. Raytheon Co.*,
809 N.E.2d 516 (2004) .......... 13

*Bagley v. Moxley*,
555 N.E.2d 229 (1990) .......... 7, 10

*Bautisata Cayman Asset Co. v. Reliance Mfg., Inc.*,
No. 16-1418 (FAB), 2017 WL 243362 (D.P.R. Jan. 20, 2017) .......... 14

*Beauchamp v. De Abadia*,
779 F.2d 773 (1st Cir. 1985) .......... 11

*Bishay v. Ricciuti*,
575 F. Supp. 3d 262 (D. Mass. 2021) .......... 17

*Boateng v. InterAmerican Univ., Inc.*,
210 F.3d 56 (1st Cir. 2000) .......... 3

*Bomer-Blanks Lumber Co. v. Oryx Energy Corp.*,
837 F. Supp. 769 (M.D. La. 1993) .......... 16

*Brown v. Rhode Island*,
511 F. App'x 4 (1st Cir. 2013) .......... 15

*Cabrera-Morales v. UBS Tr. Co. of P.R.*,
769 F. Supp. 2d 67 (D.P.R. 2011) .......... 15

*Chief of Police of City of Worcester v. Holden*,
26 N.E.3d 715 (2015) .......... 3, 10

*Commonwealth v. Marquis*,
495 Mass 434 (2025) .......... 5, 12

*DaLuz v. Dep't of Corr.*,
746 N.E.2d 501 (2001) .......... 8

*Degiacomo v. City of Quincy*,
63 N.E.3d 365 (2016) .......... 8, 13

*Downing v. Globe Direct LLC*,
806 F. Supp. 2d 461 (D. Mass. 2011), *aff'd* 682 F.3d 18 (1st Cir. 2012) .......... 18

*Federación de Maestros v. Junta de Relaciones del Trabajo*,
410 F.3d 17 (1st Cir. 2005) .......... 6

*Fluent v. Salamanca Indian Lease Auth.*,
928 F.2d 542 (2d Cir. 1991) .......... 18

*Frawley v. Police Comm'r of Cambridge*,
46 N.E.3d 504 (2016) .......... 4

*Gammons v. Mass. Dep't of Hous. & Cmty. Dev.*,
502 F. Supp. 2d 161 (D. Mass. 2007) .......... 11

*Giragosian v. Ryan*,
547 F.3d 596 (1st Cir. 2008) ....................3, 8, 11

*Halsey v. Litton Loan Servicing*,
No. 12-cv-511-PB, 2013 WL 3754919 (D.N.H. July 13, 2023) .................... 14

*Harker v. City of Holyoke*,
457 N.E.2d 1115 (1983).................... 12

*Harris ex rel. RNH v. Adams*,
757 F. Supp. 3d 111 (D. Mass. 2024).................... 10

*Heacock v. Heacock*,
520 N.E.2d 151 (1988) .................... 9

*In re Sonus Networks Inc.*,
499 F.3d 47 (1st Cir. 2007) .................... 8

*Kobrin v. Bd. of Registration in Med.*,
832 N.E.2d 628 (2005) .................... 8

*Langley v. Chase Home Fin., LLC*,
No. 1:10–cv–604, 2011 WL 1150772 (W.D. Mich. Mar. 11, 2011) .................... 14

*Laramie v. Philip Morris USA Inc.*,
173 N.E.3d 731 (2021) .................... 8, 9

*Mackintosh v. Chambers*,
190 N.E. 38 (1934) .................... 9

*Maymó–Meléndez v. Álvarez–Ramírez,*
364 F.3d 27 (1st Cir. 2004) .................... 7

*McCarthy v. Town of Oak Bluffs*,
643 N.E.2d 1015 (1994) .................... 7, 12

*McKenna v. Curtin*,
869 F.3d 44 (1st Cir. 2017) .................... 6

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
578 U.S. 374 (2016).................... 17

*Miles v. Aetna Cas. & Sur. Co.*,
589 N.E.2d 314 (1992) .................... 14

*Miller v. Nichols*,
586 F.3d 53 (1st Cir. 2009) .................... 6, 7

*Mills v. Maine*,
118 F.3d 37 (1st Cir. 1997) .................... 8, 15

*Mitchell v. Forsyth*,
472 U.S. 511 (1985).................... 10

*Montana v. United States*,
440 U.S. 147 (1979).................... 12

*Moore v. Sims*,
442 U.S. 415 (1979)........................................................................................ 17

*Mulrain v. Bd. of Selectmen*,
944 F.2d 23 (1st Cir. 1991) ............................................................................... 9

*N.Y York State Rifle & Pistol Ass'n v. Bruen*,
597 U.S. 1 (2022)............................................................................................... 4

*Nelson v. Moriarty*,
484 F.2d 1034 (1st Cir. 1973) ..........................................................................11

*Picciotto v. Continental Cas. Co.*,
512 F.3d 9 (1st Cir. 2008) ................................................................... 15, 17, 18

*Pratt v. Westbrook*,
SJC-13822 (Mass. Sept. 18, 2025) .................................................................... 9

*Provident Tradesmens Bank & Tr. Co. v. Patterson*,
390 U.S. 102 (1968)........................................................................................ 18

*Rehberg v. Paulk*,
566 U.S. 356 (2012)...................................................................................... 7, 10

*Rosales v. United States*,
89 Fed. Cl. 565 (2009) ..................................................................................... 16

*Shamrock Oil & Cas. Corp. v. Sheets*,
313 U.S. 100 (1941)........................................................................................ 17

*Solomon v. Fredrickson*, Case No. 1:20-cv-11894-JDL, 2021 WL 2002580 (D. Mass. May 19, 2021)
*judgment entered*, 2022 WL 897177 (D. Mass. Mar. 28, 2022),
*aff'd*, No. 22-1426, 2024 WL 4865468 (1st Cir. May 30, 2024)............................................ 7

*St. Pierre v. Norton*,
498 F. Supp. 2d 214 (D.D.C. 2007) ................................................................. 16

*Stump v. Sparkman*,
435 U.S. 349 (1978)........................................................................................ 17

*United States ex rel. Hutcheson v. Blackstone Med., Inc.*,
647 F.3d 377 (1st Cir. 2011) ........................................................................... 14

*United States v. Rahimi*,
602 U.S. 680 (2023)...................................................................................... 5, 12

*United States v. Ramirez-Negron*,
751 F.3d 42 (1st Cir. 2014) ...............................................................................11

*Wright Mach. Corp. v. Seaman-Andwall Corp.*,
307 N.E.2d 826 (1974) ................................................................................... 8, 12

*Yongo v. I.N.S.*,
355 F.3d 27 (1st Cir. 2004) ...............................................................................11

*Younger v. Harris*,
401 U.S. 37 (1971) .......... 16

*Ysais v. New Mexico*,
373 F. App'x. 863 (10th Cir. 2010) .......... 15

**Statutes**

28 U.S.C. § 1738 .......... 8

28 U.S.C. § 2202 .......... 5

28 U.S.C. § 2201 .......... 5

42 U.S.C. § 1983 .......... 5, 14

M.G.L. c. 140, § 131 .......... 2

M.G.L. c. 249, § 4 .......... 4

**Rules**

Fed. R. Civ. P. 12 .......... 1, 18

Fed. R. Civ. P. 19 .......... 1, 16, 17, 18

After obtaining an unsatisfactory result in state-court litigation over the denial of his application for a firearms license, plaintiff Robert J. Pitts, Jr., has now sued Michael McLean, Chief of Police for Lexington, Massachusetts, in federal court. Although he neither offered evidence in state court nor challenged the Chief's testimony, Pitts alleges here that the state courts violated his rights under the Second and Fourteenth Amendments by finding facts against him and affirming the denial of his license. Because of its myriad jurisdictional, merits, and procedural flaws, the complaint must be dismissed.

First, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. Under the *Rooker-Feldman* doctrine, federal courts may not exercise jurisdiction over lawsuits that are, in effect, appeals by state-court losers—like this one.

Second, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it does not state a claim. Because every argument in the complaint was or could have been raised in state court, claim preclusion forecloses Pitts's claims. The individual counts fail on their own terms as well. Count I, "Violation of Due Process," targets the Chief based on his testimony in state court; such claims are barred by witness immunity. Count II, "Denial of the Right to Possess a Firearm," is foreclosed by issue preclusion because it seeks to relitigate the central question of the state-court litigation: whether denying Pitts an LTC was lawful. Neither count even identifies the cause of action under which it is brought. And, insofar as Pitts seeks a declaratory judgment, granting one would be inappropriate because there is no continuing violation of law.

Third, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) because an indispensable party cannot be joined. Pitts's complaint is not just a collateral attack on one particular state-court decision, but an attack on the process by which the state courts

manage, hear, and decide cases—in other words, an attack on their authority to operate as state courts. They must be joined so that they have an opportunity to defend themselves—but, as courts, they are absolutely immune from suit.

For all these reasons, Pitts's complaint must be dismissed in its entirety.

## BACKGROUND

The Chief denied Pitts's application for a license to carry firearms ("LTC") in June 2024. Pet. of Robert J. Pitts, Jr. for Judicial Review, *Pitts v. McLean*, No. 2247CV000175 (Concord Dist. Ct. July 9, 2024), attached as Ex. A to Affidavit of Paul M. Kominers dated September 17, 2026 ("Kominers Aff.") (filed herewith), at 1, 8; *see* M.G.L. c. 140, § 131(d). Pitts appealed to Concord District Court. *See* M.G.L. c. 140, § 131(f). After an evidentiary hearing, the Concord District Court made the following factual findings:

> The Petitioner [(Pitts)] is a 59-year-old male. The Petitioner owns R.J. Custom Cabinets. On December 20, 2022, Arlington and Lexington Police were dispatched to 1531 Massachusetts Ave. in Arlington for reports of gunshots inside a business. The initial caller indicated that after hearing the shots he believed the Petitioner had killed himself. A second party entered the business and found the Petitioner sitting at a desk with a firearm in his hand. He reasonably believed that the Petitioner was going to commit suicide with the firearm. Both parties believed the Petitioner was struggling with depression. When officers arrived, they discovered the Petitioner to be under the influence. Officers discovered eight shell casings indicating eight rounds had been discharged. The business where the rounds were discharged is attached to another business and a residential unit above. Officers believed the Petitioner was experiencing a mental health crisis and was sanctioned.

Findings and Rulings as to Pet'r's Compl. for Judicial Review Pursuant to G.L. c. 140 sec. 131(f), *Pitts v. McLean*, No. 2247CV000175, at 1-2 (Concord Dist. Ct. Jan. 7, 2025), attached to Kominers Aff. as Ex. D, at 1-2.[1]

---

[1] "A court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss," and "[m]atters of public record ordinarily include 'documents from prior state court

At the hearing, the Chief appeared *pro se*, was sworn in, and testified to his reasons for denying Pitts's license, including his review of police reports laying out the facts described above.[2] Tr. of Hrg. Before the Honorable Sharon Lalli, *Pitts v. McLean*, No. 2247CV000175 (Concord Dist. Ct. Dec. 20, 2024), attached to Kominers Aff. as Ex. C, at 4:20-6:7. The use of hearsay at firearms license denial, suspension, or revocation hearings is allowed under Massachusetts law. *Chief of Police of City of Worcester v. Holden*, 26 N.E.3d 715, 731 (2015). Pitts's counsel did not object to the Chief's testimony, did not ask to cross-examine the Chief, and did not request a continuance to interview or subpoena either of the callers. Kominers Aff. Ex. C at 7:9-22.

Pitts himself did not testify. Instead, counsel spoke on his behalf. *Id.* at 2:12-4:17, 6:10-7:17. Counsel offered to have Pitts "take the stand, if your Honor would allow it," but before the Court responded, immediately turned to "the reason we're before you," which was his analysis of "the Supreme Court case in *Bruen*" and what it meant for a citizen who "took a practice shot" and "didn't break any laws"[3] and "was not charged." *Id.* at 3:8-20. Afterwards, counsel never again suggested that Pitts would or should testify. *Id.* at 3:21-7:25.

Counsel was not otherwise shy about being heard. Twice after the Concord District Court announced that it was closing the hearing and taking the matter under advisement, Pitts's counsel interjected with another point of fact or law. *Id.* at 6:8-10, 7:6-18. However, he did not insist

---

adjudications.'" *Giragosian v. Ryan*, 547 F.3d 59, 66 (1st Cir. 2008) (quoting *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000)).

[2] Pitts repeatedly alleges that the testimony against him was unsworn, but this is contradicted by the record. Compl. ¶ 20; Kominers Aff. Ex.. C at 2:5-13.

[3] This was not true. See Resp't Michael A. McLean's Opp. to Pet'r's Mot. for J. on the Pleadings & Cross-Mot., *Pitts v. McLean*, No. 2581CV00254 (Mass. Super. Ct. Oct. 16, 2025), attached to Kominers Aff. as Ex. H, at 7-8 & n.3 (explaining that Pitts's conduct constituted at least nine misdemeanors).

that his client be allowed to take the stand.

The Concord District Court's subsequent decision provided the factual findings above, agreed that Pitts was unsuitable to hold an LTC, and affirmed the denial of his license application. Kominers Aff. Ex. D at 2. Pitts then appealed to the Massachusetts Superior Court pursuant to the certiorari statute, M.G.L. c. 249, § 4. *See Frawley v. Police Comm'r of Cambridge*, 46 N.E.3d 504, 513 (2016). His Superior Court filings did not raise the due process arguments he makes here or attack the District Court's reliance on hearsay. *See* Pl.'s Mem. in Sup. of Mot. for J. on the Pleadings, *Pitts v. McLean*, No. 2581CV00254 (Mass. Super. Ct. Sept. 2, 2025), attached to Kominers Aff. as Ex. G. Instead, Pitts willfully ignored the District Court's findings and argued that the suspension of his LTC "was only based on alleged 'incidents'" and "[t]here was no determination that [Pitts] 'could potentially create a risk to public safety.'" *Id.* at 12. He further argued that "no crime was committed," and "no charges were ultimately issued against [him]."[4] *Id.* at 5, 12. He also argued at length that the District Court was required to conduct its analysis in accordance with *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), Kominers Aff. Ex. G at 9-10, although much of this argument appears to have been directed towards the analysis and decision by this Court in an unrelated case rather than the Concord District Court's. Resp't Michael A. McLean's Opp. to Pet'r's Mot. for J. on the Pleadings & Cross-Mot., *Pitts v. McLean*, No. 2581CV00254 (Mass. Super. Ct. Oct. 16, 2025), attached to Kominers Aff. as Ex. H, at 10 & n.5.

On April 15, 2026, the Superior Court affirmed the Concord District Court's decision. Order on Pl.'s Mot. for J. on the Pleadings and Def.'s Cross-Mot., *Pitts v. McLean*, No. 2581CV00254 (Mass. Super. Ct. Apr. 15, 2026), attached to Kominers Aff. as Ex. I. The

[4] Again, the assertion that "no crime was committed" is untrue. *See* note 3, above.

Superior Court concluded that the facts found by the Concord District Court "certainly warranted the police chief revoking Plaintiff[']s license" because "there was reliable and credible information that Plaintiff exhibited and engaged in behavior that created a risk to public safety." *Id.* at 3-4. The Superior Court further held that withholding a license from Pitts did not violate *Bruen*:

> Following Bruen, it has been made clear that states may, consistent with the Second Amendment, 'temporarily disarm[]' an 'individual found by a court to pose a credible threat to the physical safety of another.' United States v. Rahimi, 602 U.S. 680, 693 (2023); see also Commonwealth v. Marquis, 495 Mass 434, 453 (2025) (quoting Rahimi).

*Id.* at 4. The Superior Court issued its decision and entered final judgment on April 15, 2026. Pitts never filed any appeal of that decision. Docket, *Pitts v. McLean*, No. 2581CV00254 (Mass. Super. Ct.), attached to Kominers Aff. as Ex. F.

Several months later, Pitts filed this lawsuit. The two counts in the complaint are "Violation of Due Process" and "Denial of the Right to Possess a Firearm," Compl. ¶¶ 5-6. Neither count identifies a specific cause of action. Compl. ¶¶ 23-34. Elsewhere, the complaint refers to 42 U.S.C. § 1983 and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Compl. ¶ 3.

Pitts argues in his complaint that the decision to deny him an LTC violates his constitutional rights in, essentially, three ways. Compl. ¶¶ 25-34. First, he argues that the Concord District Court's decision to credit the Chief's testimony based on police reports, and the Superior Court's decision to affirm the Concord District Court "without holding a hearing," violated his due process rights. Compl. ¶¶ 25-27. Second, he argues that the same alleged procedural violations violated his Second Amendment rights: "[s]ince there weren't any qualified facts in this case to show that Plaintiff was a danger to anyone . . . then his LTC ought to have

issued." Compl. ¶ 33. Third, he argues that he is entitled to an LTC because "he had no criminal convictions, was a law-abiding citizen, who was mentally stable and had never threatened anyone, [and] had a constitutional right to keep and bear arms." Compl. ¶ 34.

## ARGUMENT

The complaint must be dismissed for lack of jurisdiction (Argument § I, below), failure to state a claim (Argument § II, below), and because Pitts cannot join a required and indispensable party (Argument § III, below).

### I. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to entertain Pitts's attempt to make an end-run around a final state-court judgment.

"The *Rooker–Feldman* doctrine precludes federal jurisdiction over a challenge to a state court judgment to which the challenger was a party." *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009). The doctrine applies "where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *McKenna v. Curtin*, 869 F.3d 44, 47-48 (1st Cir. 2017) (quoting *Federación de Maestros v. Junta de Relaciones del Trabajo*, 410 F.3d 17, 23-24 (1st Cir. 2005)). Like the plaintiff in *McKenna* whose suit was barred by *Rooker-Feldman*, Pitts is a "state-court loser who filed suit in federal court" after a final state-court judgment, "repeatedly alleges that his [license's] suspension infringed . . . his . . . interests under the U.S. Constitution," and "demands a stay of [the] unlawful suspension, by way of relief." *McKenna*, 869 F.3d at 48 (internal quotations omitted). Such suits are not allowed. *Id.*

*Rooker-Feldman* has even been applied in the precise circumstances presented here: a federal lawsuit asking the Court to "review and reject [a] final state court judgment approving the suspension of [plaintiff's firearms] license." *See Solomon v. Fredrickson*, Case No. 1:20-cv-11894-JDL, 2021 WL 2002580, at *2-3 (D. Mass. May 19, 2021) (internal quotations omitted),

*judgment entered*, 2022 WL 897177 (D. Mass. Mar. 28, 2022), *aff'd*, No. 22-1426, 2024 WL 4865468, at *1 (1st Cir. May 30, 2024). Here, as in *Solomon*, "this Court cannot grant [plaintiff] the relief he seeks without implicitly overruling the state court judgment," which *Rooker-Feldman* forbids. *Id.* at *3.

That Pitts is making new arguments in this lawsuit does not save it. "Federal courts' application of the *Rooker-Feldman* doctrine 'does not depend on what issues were actually litigated in the state court.'" *Miller*, 586 F.3d at 59 (quoting *Maymó–Meléndez v. Álvarez–Ramírez,* 364 F.3d 27, 33 (1st Cir. 2004)). In other words, no matter how Pitts packages his claims, he may not attempt a federal "end run around the state court's judgment." *Id.*

**II. Pitts's complaint also fails on the merits.**

Claim preclusion forbids Pitts's entire lawsuit. Having already brought one action over the denial of his LTC, Pitts cannot bring another. *See Bagley v. Moxley*, 555 N.E.2d 229, 232 (1990). The complaint's two counts fare no better taken individually. Count I, "Violation of Due Process," fails because the only claims against the Chief are based on his conduct in court; he enjoys absolute witness immunity against such claims. *See Rehberg v. Paulk*, 566 U.S. 356, 366-67 (2012). Count II, "Denial of the Right to Possess a Firearm," fails because of issue preclusion. The question of whether Pitts may lawfully be prevented from owning a firearm was fully litigated and squarely decided in the state-court proceedings. *See McCarthy v. Town of Oak Bluffs*, 643 N.E.2d 1015, 1019 (1994) (a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . .'"). Neither count is even properly pleaded; Pitts has not identified what cause of action he is proceeding under for either. Finally, Pitts is not entitled to a declaratory judgment because he cannot show that his rights are currently being

violated. *See Mills v. Maine*, 118 F.3d 37, 55 (1st Cir. 1997) ("[A] declaratory judgment is unavailable where . . . there is no ongoing legal violation.").

**a. Claim preclusion bars Pitts from bringing a second lawsuit after losing his first.**

"Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." *Giragosian v. Ryan*, 547 F.3d 59, 63 (1st Cir. 2008) (quoting *In re Sonus Networks Inc.*, 499 F.3d 47, 56 (1st Cir. 2007)). In Massachusetts, "[c]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." *Degiacomo v. City of Quincy*, 63 N.E.3d 365, 369 (2016) (quoting *Kobrin v. Bd. of Registration in Med.*, 832 N.E.2d 628, 634 (2005)). This doctrine follows from "[c]onsiderations of fairness and the requirements of efficient judicial administration," which "dictate that an opposing party in a particular action as well as the court is entitled to be free from continuing attempts to relitigate the same claim." *Laramie v. Philip Morris USA Inc.*, 173 N.E.3d 731, 741 (2021) (quoting *Wright Mach. Corp. v. Seaman-Andwall Corp.*, 307 N.E.2d 826, 830 (1974)).

Claim preclusion applies when three elements are met: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Id.* (quoting *DaLuz v. Dep't of Corr.*, 746 N.E.2d 501, 505 (2001)). All three elements are met here.

There can be no reasonable dispute that there is an identity of the parties. Both Pitts and the Chief were parties to the state-court proceedings. Kominers Aff. Exs. B, F. Nor could Pitts dispute that the state-court proceedings ended in a final judgment on the merits. Kominers Aff. Exs. D, I.

Finally, the causes of action are identical. "In determining whether two causes of action are identical for purposes of claim preclusion," Massachusetts courts ask whether the second lawsuit "'grows out of the same transaction, act, or agreement, and seeks redress for the same wrong.'" *Laramie*, 173 N.E.3d at 745 (quoting *Mackintosh v. Chambers*, 190 N.E. 38, 39 (1934)). Both of Pitts's lawsuits arise out of the same act, the Chief's refusal to issue him a new firearms license in June 2024, and seek the same redress: an order that his license be issued.

It is irrelevant that Pitts did not raise his federal causes of action or due process theory in the state-court proceedings. Claim preclusion applies "even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim, or seeks different remedies.'" *Heacock v. Heacock*, 520 N.E.2d 151, 153 (1988). Pitts, therefore, should have presented these arguments in state court.

He had every opportunity to do so. In Concord District Court, counsel could have objected to the Chief's testimony or insisted that his client be allowed to take the stand. In Superior Court, he could have pursued his § 1983 claim and argued that the admission of hearsay violated his Fourteenth Amendment rights.[5] *Mulrain v. Bd. of Selectmen*, 944 F.2d 23, 26 (1st Cir. 1991) (recognizing that a "state court would have had jurisdiction over [§ 1983] claim and been able to award full relief"). Had these arguments failed, he could have appealed. He did none of these things. Instead, for whatever reason, Pitts relied on legal arguments and unsworn factual assertions presented by counsel. When these did not sway the state courts, Pitts ran to

[5] A Fourteenth-Amendment challenge to the Massachusetts firearms licensing scheme is a live issue before the Supreme Judicial Court. Announcement (Docket Entry #2), *Pratt v. Westbrook*, SJC-13822 (Mass. Sept. 18, 2025) (requesting amicus briefs on whether "statutory language, contained in" the firearms licensing statute violated "the defendant's rights pursuant to the . . . Fourteenth Amendment[] to the United States Constitution"). The case is set to be argued next month.

federal court with new claims. This is exactly what claim preclusion forbids: "pursu[ing] [a] claim . . . through piecemeal litigation, offering one legal theory to the court while holding others in reserve for future litigation should the first theory prove unsuccessful." *Bagley*, 555 N.E.2d at 232. This lawsuit is therefore barred by claim preclusion.

**b. Count I ("Violation of Due Process") is barred by witness immunity.**

In Count I, Pitts alleges that his "right to due process of law"[6] was violated when the Chief "was allowed to state, without oath, double hearsay" and the state courts credited and relied on that testimony, Compl. ¶¶ 25-27, all as controlling state law permits, *Chief of Police of City of Worcester*, 26 N.E.3d at 731. Most of these allegations concern what the state courts did. The only allegation against the *Chief* is that he testified to the contents of police reports instead of calling witnesses. But the Chief, like any other witness in court, is absolutely immune from § 1983 claims over the contents of his testimony. *Rehberg*, 566 U.S. at 366-67. Because absolute immunity provides a right not to stand trial at all, plaintiffs' due process claim against the Chief must be dismissed. *See Mitchell v. Forsyth*, 472 U.S. 511, 526-29 (1985); *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 499-500 (1989).

Also, the issue is waived. In Concord District Court, Pitts did not object to the Chief's testimony; seek a continuance so that he could subpoena and cross-examine his acquaintances; or bring his acquaintances, whose identities must have been known to him, to court in the first place. Nor did he make his due process or hearsay arguments to the Massachusetts Superior

---

[6] Plaintiff does not specify whether he alleges a violation of his procedural or substantive due process rights. Because his objections are to the procedures employed by the state courts, his claims sound in procedural due process. *See, e.g.*, *Harris ex rel. RNH v. Adams*, 757 F. Supp. 3d 111, 130 (D. Mass. 2024) (treating nonspecific "due process" claims as procedural due process claim insofar as plaintiffs alleged defendants did not "adhere[] to the minimum procedures of due process").

Court. *See Gammons v. Mass. Dep't of Hous. & Cmty. Dev.*, 502 F. Supp. 2d 161, 165 (D. Mass. 2007) (claim that use of hearsay evidence in administrative proceeding violated due process was waived where the party did not "object to the lack of opportunity to conduct a cross-examination or seek a continuance so that the [non-testifying witness] could testify on her behalf").

Finally, it is also worth recognizing that hearsay may be admitted and credited in judicial and administrative proceedings without offending due process. *See United States v. Ramirez-Negron*, 751 F.3d 42, 52 (1st Cir. 2014) ("Reliable hearsay is, of course, admissible during sentencing proceedings."); *Yongo v. I.N.S.*, 355 F.3d 27, 31 (1st Cir. 2004) (use of hearsay in INS proceedings does not raise due process concerns unless "highly unreliable"); *Nelson v. Moriarty*, 484 F.2d 1034, 1036 (1st Cir. 1973) (habeas "petitioner's allegations that the [state] trial court admitted . . . hearsay . . . do not raise due process issues of constitutional magnitude"); *cf. Beauchamp v. De Abadia*, 779 F.2d 773, 776 (1st Cir. 1985) ("The right to cross-examination, although important and useful, is not absolute.").

**c. Count II ("Denial of the Right to Possess a Firearm") is foreclosed by issue preclusion.**

In Count II, Pitts alleges that the denial of his firearms license violates his rights because "there were no reason[s] to later deny him a new LTC" and doing so contravenes "Supreme Court precedent." Compl. ¶¶ 31-34. However, issue preclusion—which, like claim preclusion, applies here to the same extent that it would in a subsequent state-court proceeding, *Giragosian*, 547 F.3d at 63—forbids him from relitigating whether his Second Amendment rights have been infringed.

Under Massachusetts law, the doctrine of issue preclusion provides that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .'"

*McCarthy*, 643 N.E.2d at 1019 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Here, Pitts seeks to raise the same issue squarely raised and decided in the state-court proceedings: whether he was lawfully disarmed.

At every stage of the state-court litigation, Pitts argued that he is entitled to possess a firearm both because he did nothing wrong and because disarming him violated Supreme Court precedent. *See* Kominers Aff. Ex. A at 3-8; Ex. C at 3:20-21, 4:13-17; Ex. E at 1-3; Ex. G at 11-12. Ultimately, the Superior Court rejected Pitts's arguments:

> The[] facts [found by the District Court] certainly warranted the police chief revoking Plaintiffs license in 2022; there was reliable and credible information that Plaintiff exhibited and engaged in behavior that created a risk to public safety.
>
> Plaintiff also brings forward a constitutional claim that the District Court's decision violates New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, (2022)**Error! Bookmark not defined.**. This argument is unavailing. Following Bruen, it has been made clear that states may, consistent with the Second Amendment, "temporarily disarm[]" an "individual found by a court to pose a credible threat to the physical safety of another." United States v. Rahimi, 602 U.S. 680, 693 (2023); see also Commonwealth v Marquis, 495 Mass 434, 453 (2025)(quoting Rahimi). Accordingly, this argument fails as well.

Kominers Aff. Ex. E. In other words, because Pitts's conduct—repeatedly discharging a firearm indoors, while under the influence of alcohol, in a space abutting a residence and a business—threatens public safety, Pitts may be disarmed as a matter of Massachusetts statutory law and consistent with Supreme Court precedent. This decision was correct, but res judicata applies even if it was not. *Wright Mach. Corp.*, 307 N.E. 2d at 831. His remedy for any error was an appeal, not a collateral attack. *Harker v. City of Holyoke*, 457 N.E.2d 1115, 1118 (1983).

Analyzing issue preclusion element by element leads to the same conclusion. There are four requirements for issue preclusion: "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party . . . to the prior

adjudication; (3) the issue in the prior adjudication was identical to the issue in the current adjudication," and (4), "was essential to the earlier judgment, and was actually litigated in the prior action." *Degiacomo*, 63 N.E.3d at 369 (internal quotations and citation omitted). Each of these elements is met here.

Like with claim preclusion, there can be no real dispute that there was a final judgment on the merits or that the party against whom preclusion is asserted was a party to the earlier action. The remaining two elements—identity of the issues, and whether the issue was essential and actually litigated—are met as well.

**Whether there is an identity of issues:** in each case, the issue was or is whether Pitts may lawfully be denied an LTC consistent with the Second Amendment and state law. Kominers Aff. Ex. A at 8; Ex. C at 3:11-15; Ex. E ¶ 11; Ex. G at 5-12. "That the claims are brought under different statutes is not controlling. Courts have repeatedly applied the doctrine of collateral estoppel to a second action asserting a different claim from the first." *Alba v. Raytheon Co.*, 809 N.E.2d 516, 522 (2004).

**Whether the issue was essential and actually litigated:** Pitts argued at length that denying him a license violated state law and his Second Amendment rights. The Superior Court therefore did (and had to) reach those issues.

This element is also met if the "the party against whom the doctrine was being used defensively had a full and fair opportunity to litigate the issues the first time." *Alba*, 809 N.E.2d at 523. Pitts did: he presented argument and had an evidentiary hearing in Concord District Court, appealed the District Court's decision to Superior Court, and could have appealed the Superior Court's decision in turn. Pitts cannot avoid issue preclusion by arguing that he could have offered more evidence than he did. Issue preclusion applies even when "easily

discoverable evidence is not taken advantage of or is forgotten." *Miles v. Aetna Cas. & Sur. Co.*, 589 N.E.2d 314, 317 (1992).

All four elements of issue preclusion are met. Pitts, therefore, is bound by the state courts' determination: that firing eight shots indoors, while under the influence of alcohol, in a building connected to another business and residential units, means that he may be disarmed lawfully and consistent with the Second Amendment.

**d. Pitts cannot state a claim without identifying his causes of action.**

The complaint should also be dismissed because Plaintiff does not identify the causes of action he is relying on in Counts I and II. Although Plaintiff refers generally to the federal Declaratory Judgment Act and 42 U.S.C. § 1983 in the jurisdiction section of his complaint, he does not explain which statute underlies each counts his complaint. However, without Pitts specifically identifying his causes of action in each count, "it is impossible for the Court to ascertain whether the counterclaim makes factual allegations 'respecting each material element [of the cause of action] necessary to sustain recovery.'" *Bautisata Cayman Asset Co. v. Reliance Mfg., Inc.*, No. 16-1418 (FAB), 2017 WL 243362, at *2 (D.P.R. Jan. 20, 2017) (quoting *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 384 (1st Cir. 2011)).

Pitts titles Counts I and II as "Violation of Due Process" and "Denial of the Right to Possess a Firearm." But neither of these is a recognized cause of action in federal court. A plaintiff "cannot state a cause of action under the [Constitution] by simply inserting the phrase ['Second Amendment' or 'Fourteenth Amendment'] in his complaint." *See Halsey v. Litton Loan Servicing*, No. 12-cv-511-PB, 2013 WL 3754919, at *4 (D.N.H. July 13, 2023) (quoting *Langley v. Chase Home Fin., LLC*, No. 1:10–cv–604, 2011 WL 1150772, at *5 (W.D. Mich. Mar. 11, 2011)). Pitts's complaint should be dismissed accordingly.

**e. Pitts is not entitled to a declaratory judgment.**

For the reasons set forth above, Pitts has not pleaded and cannot show that his rights have ever been violated, let alone that they currently are being violated. Because he cannot demonstrate an ongoing violation of his rights, he may not seek a declaratory judgment. *See Mills*, 118 F.3d at 55 ("[A] declaratory judgment is unavailable where . . . there is no ongoing legal violation."); *Brown v. Rhode Island*, 511 F. App'x 4, 6 (1st Cir. 2013) (quoting *Ysais v. New Mexico*, 373 F. App'x. 863, 866 (10th Cir. 2010)) ("declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.").

## III. Pitts's complaint must be dismissed for failure to join the state courts.

Because Pitts's due process claims go to the heart of the state courts' authority as courts to conduct judicial proceedings, any ruling in his favor would undermine their authority in future proceedings. The state court system, therefore, is a required defendant to Pitts's claims. However, it cannot be joined because the state courts enjoy absolute judicial immunity. No measures can mitigate this prejudice, and Pitts had an adequate remedy in state court. *See Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 19 (1st Cir. 2008). The case, therefore, must be dismissed for failure to join a required and indispensable party.

"A determination as to whether dismissal is proper under Rule 19 proceeds in three steps:

> (1) assess whether the party is "required" under Rule 19(a)(1); (2) determine whether joinder is feasible; and (3) if joinder of a required party is *not* feasible, assess under Rule 19(b) whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

*Cabrera-Morales v. UBS Tr. Co. of P.R.*, 769 F. Supp. 2d 67, 70 (D.P.R. 2011). Each step is addressed below in turn.

**The state courts are a required party.** A person is a required party to litigation if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1). Court systems and administrative decisionmakers have "a substantial interest in protecting the[ir] rulings . . . from collateral attack," especially when the collateral attack goes to the heart of their authority. *St. Pierre v. Norton*, 498 F. Supp. 2d 214, 220 (D.D.C. 2007) (recognizing that "Tribe ha[d] a substantial interest in protecting the rulings of its judicial system from collateral attack," particularly where attack targeted a key aspect of tribal self-governance); *Rosales v. United States*, 89 Fed. Cl. 565, 585 (2009) (recognizing tribal government's "interest in . . . asserting the validity of its court's decisions"); *see also Bomer-Blanks Lumber Co. v. Oryx Energy Corp.*, 837 F. Supp. 769, 770 (M.D. La. 1993) (Louisiana Conservation Commissioner was a required party to lawsuit that collaterally attacked his order). Here, Pitts attacks the District Court's decision to admit unobjected-to hearsay testimony; the evidentiary rules permitting the use of hearsay testimony at firearms licensing hearings; the District Court's decision to credit the Chief's testimony; and the Superior Court deferring to the factual findings of the District Court, as precedent requires, instead of holding a new hearing as Pitts suggests. This is an attack on not just the substance of the state courts' decisions, but their power to hear evidence, decide cases, and develop a coherent body of state law—in other words, to operate as state courts. They are entitled to defend themselves from such an attack. *See St. Pierre*, 498 F. Supp. 2d at 220; *Rosales*, 89 Fed. Cl. at 565, *see also Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."); *Merrill Lynch, Pierce, Fenner & Smith*

*Inc. v. Manning*, 578 U.S. 374, 389 (2016) (quoting *Shamrock Oil & Cas. Corp. v. Sheets*, 313 U.S. 100, 109 (1941)) ("reiterat[ing]" that federal courts "need to give '[d]ue regard' . . . to the power of the States 'to provide for the determination of controversies in their courts'" [first alteration in original]); *Moore v. Sims*, 442 U.S. 415, 430-31 (1979) (because "[s]tate courts are the principal expositors of state law," capable of "intelligently mediat[ing] federal constitutional concerns and state interests," federal courts should not "disrupt that process of mediation while interjecting themselves in such disputes"). Even if the decision does not directly bind the Massachusetts courts, it would provide persuasive precedent against their authority and stand as a warning that future decisions may be subject to similar attacks in federal court. *See Picciotto*, 512 F.3d at 17 (nonparty was required under "Rule 19(a)(2)(i) because, even without a direct preclusive effect, an adverse judgment could be 'persuasive precedent in a subsequent proceeding, and would weaken [the absent party's] . . . position'" [first alteration in original]). This would, as a practical matter, impair and impede their ability to exercise their authority. *Id.* The state courts, therefore, are a required party.

**Joinder is infeasible.** The state courts are absolutely immune from suit. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *accord Bishay v. Ricciuti*, 575 F. Supp. 3d 262, 266-67, 270 (D. Mass. 2021), *aff'd*, No. 22-1033, 2023 WL 9111255 (1st Cir. Apr. 26, 2023).

**The state courts are indispensable.** All four Fed. R. Civ. P. 19(b)(2) factors, as well as the state courts' judicial immunity, support that conclusion.

First, as discussed above, a decision in favor of Pitts would become a cudgel against the state courts, undermining their interests. Fed. R. Civ. P. 19(b)(1). Second, that outcome cannot

be prevented, so "any prejudice could [not] be lessened or avoided." Fed. R. Civ. P. 19(b)(2). Third, any judgment in this case would not be "adequate" within the meaning of Rule 19 because bald collateral attacks like this one never serve "'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" *Picciotto*, 512 F.3d at 18 (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111 (1968)). Fourth, Pitts had an "adequate remedy" even if "the action were dismissed for nonjoinder": he had the opportunity to litigate these issues in state court. *See Picciotto*, 512 F.3d at 19; Argument § II(a), above. Although he may be barred from further litigation in state court, that "is a result of [his] own litigation strategy and not a sufficient reason for him to remain in federal court on these claims." *Picciotto*, 512 F.3d at 19.

In addition to these four factors expressly laid out in Fed. R. Civ. P. 19, "immunity places a heavy thumb on the scale for dismissal . . . 'because immunity may be viewed as one of those interests compelling by themselves.'" *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461, 470 (D. Mass. 2011), *aff'd* 682 F.3d 18 (1st Cir. 2012) (quoting *Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 548 (2d Cir. 1991)).

Because every factor supports finding the state courts indispensable, they are. And because the state courts have an important interest in this case, are immune from suit, and are indispensable, this suit must be dismissed under Fed. R. Civ. P. 12(b)(7).

## CONCLUSION

Pitts has no more right than any other disappointed state-court litigant to relitigate his case in federal court. For that reason and the others set forth above, his complaint must be dismissed.

MICHAEL A. MCLEAN, CHIEF OF THE LEXINGTON POLICE DEPARTMENT,

By his attorneys,

*/s/ Paul M. Kominers*
Christina S. Marshall (BBO #688348)
Paul M. Kominers (BBO #654357)
Matthew R. Bowser (BBO #710769)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6500
cmarshall@andersonkreiger.com
pkominers@andersonkreiger.com
mbowser@andersonkreiger.com

DATED: September 17, 2026